# EXHIBIT A

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

ONE LAPTOP PER CHILD ASSOCIATION, INC., Plaintiff(s)

v.

LAGOS ANALYSIS CORP., Defendant(s)

A True Copy Attest

## SUMMONS

To the above-named Defendant: LAGOS ANALYSIS CORP., One Timber Lane, Natick, MA 01760
ATTN: OFFICER OR AGENT

You are hereby summoned and required to serve upon ....Michael B. Keating........ plaintiff's attorney, whose address is Foley Hoag LLP, 155 Seaport Blvd., Boston, MA 02210, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Middlesex County, either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ~~Suzanne V. DelVecchio,~~ Barbara J. Rouse, Esquire, at ...Middlesex County... the ...12th... day of ...February... in the year of our Lord ...2008....

Edward J Sullivan, Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

Exhibit A - P.1

FORM NO. SUP. — 001

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................
..........................................................................................................................................

Dated: ..............................................................................................................

N.B. TO PROCESS SERVER:
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( 2/2/08 7:55 pm )
( .................................... )
( _____ )

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX, ss.
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION
No.
................ Plff.
v.
................ Deft.
SUMMONS
(Mass. R. Civ. P. 4)



COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                                          MIDDLESEX SUPERIOR COURT

| | |
|---|---|
| ONE LAPTOP PER CHILD ASSOCIATION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LAGOS ANALYSIS CORP., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. |



## COMPLAINT FOR DECLARATORY JUDGMENT

### Introductory Statement

1. This is a complaint for declaratory relief. Plaintiff One Laptop per Child Association, Inc. seeks a declaratory judgment under Massachusetts General Laws Chapter 231A concerning the parties' respective rights regarding the purportedly confidential, proprietary or "trade secret" information of defendant Lagos Analysis Corp.

### Parties

2. Plaintiff One Laptop per Child Association, Inc. ("OLPC") is a nonprofit corporation organized and existing under the laws of Delaware, with its principal place of business at One Cambridge Center, Cambridge, Massachusetts 02142.

3. On information and belief, Defendant Lagos Analysis Corp. ("LANCOR") is a corporation organized and existing under the laws of Massachusetts, with its principal place of business at One Timber Lane, Natick, Massachusetts 01760.

### Jurisdiction and Venue

4. LANCOR is subject to the exercise of personal jurisdiction by the Courts of the Commonwealth pursuant to G.L. c. 223A, § 2.

5. Venue is proper under G.L. c. 223, §§ 1, 8(2).

### Facts

6. OLPC is a nonprofit organization that provides educational resources to children in the developing world through its XO laptop, a computer designed to give children access to the world and to their own creative and problem solving potential. OLPC sells the XO laptops to governments on a not-for profit basis and the laptops are distributed to schools on the basis of one laptop per child.

7. The XO laptop was designed collaboratively by experts from academia and industry. It is a Linux based computer with wireless broadband and is designed to be more rugged and power efficient than most laptops on the market. It provides the basic tools children need for learning. Among the XO laptop's features is a multilingual keyboard.

8. On information and belief, LANCOR is a professional consulting, research and development based service firm. One of LANCOR's products is the Konyin Multilingual Keyboard, a functional object that permits typing in multiple languages on a single keyboard layout.

9. On August 6, 2007, Nigerian attorneys representing LANCOR wrote to OLPC asserting that OLPC infringed LANCOR's intellectual property rights in the Konyin Multilingual Keyboard. LANCOR asserted that OLPC purchased the Konyin Multilingual Keyboard on or about August 6, 2006 and applied LANCOR's work product for OLPC's use and benefit without LANCOR's permission, thereby violating the end user license agreement and infringing on LANCOR's intellectual property rights.

10. On August 31, 2007, OLPC's attorneys responded to LANCOR, requesting identification of the patent LANCOR alleged to have been infringed, a copy of the end user

license agreement and proof that OLPC executed such agreement, and identification of the specific aspects of LANCOR's multilingual keyboard design it alleges to have been infringed.

11. On September 20, 2007, LANCOR again wrote to OLPC, alleging that OLPC infringed a Nigerian Patent, Certificate No. RP8489. LANCOR asserted that the XO laptop's composition, outlook and principal characteristics or features are similar to LANCOR's product and therefore OLPC infringed on LANCOR's exclusivity rights. LANCOR also asserted that OLPC executed the end user license agreement when it purchased and activated the Konyin Multilingual Keyboard.

12. LANCOR subsequently filed suit against OLPC in Nigeria asserting design patent infringement.

13. On January 18, 2008, an American attorney representing LANCOR wrote OLPC asserting that OLPC violated the end user license agreement and infringed on LANCOR's intellectual property rights. LANCOR requested OLPC pay $6,000,000.00 to settle the claims and threatened to take all necessary legal action to enforce its rights.

14. In its January 18, 2008 letter, LANCOR alleged that OLPC (i) breached the end user license agreement by decompiling content of the installation CD included with LANCOR's keyboards to gain access to the structure of the engineering anchoring the keyboard layout and driver; (ii) modified LANCOR's products to incorporate multilingual keyboard layouts with direct access typing of combining diacritic marks; (iii) disassembled software from the installation CD to gain access to the modalities of the keyboard layout technique; (iv) converted LANCOR's software from Windows to Linux; (v) improperly discovered the algorithm of the keyboard driver and keyboard layout; (vi) reverse engineered the source code or algorithm of the keyboard drivers; (vii) created derivative work from the keyboards' driver and layout technique;

Exhibit A - P.5

B3460166.2                    - 3 -

and (viii) made LANCOR's keyboard layout potentially available to millions of individuals over the internet.

15. OLPC developed its multilingual keyboard by consulting numerous publicly available sources. In developing the Nigerian keyboard, OLPC developers consulted Wikipedia articles on Nigerian languages, which prompted them to add various character symbols to the keyboard. OLPC experimented with a number of different layouts for the keyboard, consulted with many Nigerians, and used their feedback in deciding where to position and whether to include glyphs.

16. Although OLPC did purchase one or more Konyin Multilingual Keyboards from LANCOR, OLPC never used the software that came with LANCOR's keyboard. On information and belief, users are prompted to agree to the end user license agreement when they first use the software that supports LANCOR's keyboard. On information and belief, the software provided with the Konyin Multilingual Keyboard is for use with the Windows operating system and cannot be downloaded or used on computers utilizing the Linux operating system and, because OLPC's developers utilize the Linux operating system, they did not and could not download or utilize the Windows-compatible software provided with the Konyin Multilingual Keyboard. As OLPC never used the software, it never agreed to the end user license agreement and could not have breached and did not breach the agreement through its development of the XO laptop's multilingual keyboard.

17. As OLPC never accessed the software that came with the LANCOR keyboards it purchased, OLPC did not disassemble, convert, reverse engineer, or otherwise modify LANCOR's software for use in the XO laptop.

18. All information for generating the X Windows System driver for the multilingual keyboard is publicly available. OLPC had no need to access the Windows drivers in LANCOR's software in order to design its multilingual keyboard.

19. The layout of the Konyin Multilingual Keyboard is publicly available to anyone who inspects the keyboard. In addition, the LANCOR keyboard layout was publicly available on the internet at http://www.konyin.com when OLPC was designing the keyboard for its XO laptop. On information and belief, the internet address http://www.konyin.com is a web address affiliated with LANCOR.

20. OLPC has not misappropriated any trade secrets or proprietary or confidential information of LANCOR.

## COUNT I

### (Declaratory Judgment – Theft of Trade Secrets)

21. Plaintiff OLPC realleges and incorporates herein by reference the allegations of paragraphs 1 through 20 above.

22. An actual controversy exists as to whether, as claimed by LANCOR, OLPC has misappropriated any trade secrets or proprietary or confidential information of LANCOR or, as OLPC asserts, its development, use and sale of the multilingual keyboard provided with the XO laptop OLPC is lawful and proper.

### Prayer for Relief

WHEREFORE, Plaintiff OLPC respectfully requests that this Court:

A. Enter a declaratory judgment in its favor and against Defendant LANCOR, declaring that Plaintiff OLPC has not misappropriated any trade secrets or proprietary or confidential information belonging to LANCOR; and

B.  Grant Plaintiff OLPC such other and further relief as the Court may deem appropriate.

ONE LAPTOP PER CHILD ASSOCIATION, INC.

By its attorneys,

*[signature]*

Michael B. Keating (BBO No. 263360)
Bruce R. Parker (BBO No. 543943)
Katherine B. Schmeckpeper (BBO No. 663200)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: February 12, 2008